## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| COMPOSITE CONSTRUCTION SYSTEMS, INC., a Georgia corp., | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **CIVIL ACTION FILE NO.** |
| UNITED STATES SURETY CO., a Maryland corp.; FEDERAL INSURANCE COMPANY, an Indiana corp.; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corp., | ) ) ) ) ) ) ) ) | 1:12-CV-0530-AT |
| **Defendants.** | ) | |

## UNITED STATES SURETY'S ANSWER

United States Surety Company ("US Surety") hereby answers the Complaint in this action and shows the Court the following:

## FIRST DEFENSE

In response to Plaintiff's "Statement of the Case," US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has not been paid in full and that it made demands on the co-defendant sureties in May and June, 2011. US Surety denies that Plaintiff has provided all requested documents and that Plaintiff has been forced to file this

lawsuit.   US Surety admits the remaining allegations contained in Plaintiff's "Statement of the Case."

US Surety responds to the numbered allegations of the Complaint, respectively, as follows:

1.

On information and belief, US Surety admits the allegations contained in Paragraph 1.

2.

US Surety admits the allegations contained in Paragraph 2.

3.

US Surety admits the allegations contained in Paragraph 3.

4.

US Surety admits the allegations contained in Paragraph 4.

5.

US Surety admits that it does business in the State of Georgia but denies that Fulton County relates to this lawsuit.   US Surety is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.

US Surety admits the allegations contained in Paragraph 6.

7.

US Surety admits the allegations contained in Paragraph 7.

8.

US Surety admits the allegations contained in Paragraph 8.

9.

On information and belief, US Surety admits that the co-defendant sureties issued statutory performance and payment bonds for the Project naming B&G as principal. US Surety states that the remaining allegations consist of legal conclusions to which US Surety is not required to respond but, if a response is required, denies any such allegations.

10.

On information and belief, US Surety admits the allegations contained in Paragraph 10.

11.

US Surety admits the allegations contained in Paragraph 11.

12.

US Surety admits that B&G entered into a subcontract with Riverside, No. 10768-017, the terms of which subcontract speak for themselves.  US Surety denies any other or inconsistent allegations contained in Paragraph 12.

13.

US Surety admits the allegations contained in Paragraph 13.

14.

US Surety admits that Riverside subcontracted with Plaintiff to perform certain steel installation work on the Project and states that the subcontract speaks for itself.  US Surety denies any other or inconsistent allegations contained in Paragraph 14.

15.

On information and belief, US Surety admits the allegations contained in Paragraph 15.

16.

US Surety denies the allegations contained in Paragraph 16.

17.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

## COUNT ONE

18.

US Surety incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 17 as though restated in full.

19.

US Surety admits the allegations contained in Paragraph 19.

20.

US Surety states that the payment bond speaks for itself and denies any other or inconsistent allegations contained in Paragraph 20.

21.

US Surety admits that Plaintiff performed work under its subcontract with Riverside.   US Surety states that the remaining allegations consist of legal conclusions to which US Surety is not required to respond but, if a response is required, denies any such allegations.

22.

US Surety states that the allegations contained in Paragraph 22 consist of legal conclusions to which US Surety is not required to respond but, if a response is required, denies any such allegations.

23.

US Surety admits the allegations contained in Paragraph 23.

24.

US Surety admits that, on or about May 5, 2011, Plaintiff gave notice of a claim on US Surety's payment bond, which notice speaks for itself.  US Surety denies the remaining allegations contained in Paragraph 24.

25.

US Surety admits the allegations contained in Paragraph 25.

26.

US Surety admits that, on or about June 1, 2011, Plaintiff sent additional documents concerning its claim as presented at that time.  US Surety denies the remaining allegations contained in Paragraph 26.

27.

 US Surety admits that Plaintiff sent a demand letter on or about June 1, 2011, which letter speaks for itself.  US Surety denies any other or inconsistent allegations contained in Paragraph 27.

28.

 US Surety admits the allegations contained in Paragraph 28.

29.

US Surety admits that, on or about June 30, 2011, Plaintiff changed its bond claim.  US Surety denies the remaining allegations contained in Paragraph 29.

30.

US Surety admits that, on or about September 29, 2011, Plaintiff provided additional documents in support of the claim.   US Surety denies the remaining allegations contained in Paragraph 30.

31.

US Surety admits the allegations contained in Paragraph 31 but denies that it is reasonably possible for US Surety to determine at this time whether any additional amount is owed beyond the amount US Surety already has paid to Plaintiff.

32.

US Surety denies the allegations contained in Paragraph 32.

33.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

## COUNT TWO

### 34.

US Surety incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 33 as though restated in full.

### 35.

US Surety admits that Plaintiff sent a written notice to US Surety on or about May 5, 2011 and states that the document speaks for itself.  US Surety denies any other or inconsistent allegations contained in Paragraph 35.

### 36.

US Surety admits that, on or about May 10, 2011, it acknowledged receipt of Plaintiff's May 5, 2011 notice and that commencement of this action was more than 60 days after the date of that acknowledgment.  US Surety denies the remaining allegations contained in Paragraph 36.

### 37.

US Surety admits the allegations contained in Paragraph 37.

### 38.

US Surety admits that, on or about June 1, 2011, Plaintiff sent additional supporting documents but denies the remaining allegations contained in Paragraph 38.

39.

US Surety admits the allegations contained in Paragraph 39.

40.

US Surety admits that Plaintiff sent a letter to US Surety on or about June 1, 2011, which letter speaks for itself, but denies any other or inconsistent allegations contained in Paragraph 40.

41.

US Surety admits that Plaintiff changed its bond claim on or about June 30, 2011.  US Surety denies the remaining allegations contained in Paragraph 41.

42.

US Surety admits that, on or about September 29, 2011, Plaintiff provided additional documents in support of the claim.   US Surety denies the remaining allegations contained in Paragraph 42.

43.

US Surety denies the allegations contained in Paragraph 43 as stated.

44.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is owed more money on its revised bond claim.  US Surety denies the remaining allegations contained in Paragraph 44.

45.

US Surety denies the allegations contained in Paragraph 45.

46.

US Surety denies the allegations contained in Paragraph 46 and specifically denies that Plaintiff has complied with the requirements of the statute or established its entitlement to payment or that US Surety has acted in bad faith.

## COUNT THREE

47.

US Surety incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 17 as though restated in full.

48.

On information and belief, US Surety admits that the co-defendant sureties issued the statutory payment bond, which speaks for itself.  US Surety denies any other or inconsistent allegations contained in Paragraph 48.

49.

On information and belief, US Surety admits that the co-defendant sureties issued the statutory payment bond, which speaks for itself.  US Surety denies any other or inconsistent allegations contained in Paragraph 49.

50.

US Surety admits that Plaintiff performed work under its subcontract with Riverside.   US Surety states that the remaining allegations consist of legal conclusions to which US Surety is not required to respond but, if a response is required, denies any such allegations.

51.

US Surety states that Paragraph 51 consists of legal conclusions to which US Surety is not required to respond but, if a response is required, denies any such allegations.

52.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.

## SECOND DEFENSE

The Plaintiff's claims under O.C.G.A. § 10-7-30 are barred due to the failure to send to US Surety a proper bad-faith demand for payment that was due and more than 60 days prior to filing this action.

## THIRD DEFENSE

The Plaintiff's claims under O.C.G.A. § 10-7-30 are barred because US Surety at all times has acted in the utmost good faith.

## FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by payment.

## FIFTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by US Surety's right to recoupment of any amounts properly backcharged by Brasfield & Gorrie, LLC to Riverside Steel, LLC as a result of incorrect, incomplete, or delayed work by Plaintiff.

## SIXTH DEFENSE

The Plaintiff is estopped by its actions and inactions from recovering on its claims, in whole or in part.

## SEVENTH DEFENSE

The Plaintiff has waived some or all of its claims.

**WHEREFORE,** US Surety prays that Plaintiff's claims for relief be denied, the Complaint be dismissed as to or judgment entered for US Surety, and the Court grant US Surety such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED,

*/s/ Gregory R. Veal*
Gregory R. Veal
State Bar No. 726615
Attorney for US Surety

BOVIS, KYLE & BURCH, LLC
200 Ashford Ctr. N., Ste. 500
Atlanta, Georgia  30338-2668
770/391-9100
fax: 770/668-0878
grv@boviskyle.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this date, I have served the foregoing US Surety's Answer on counsel for the Plaintiff through the CM/ECF system, which will send a copy electronically to

> John M. Mastin, Jr., Esq.
> jmmastin@smithcurrie.com

and on the other Defendants through their counsel, as follows:

> Robert L. Crewdson, Esq.
> DLA Piper LLP (US)
> One Atlantic Center
> 1201 W. Peachtree St., Ste. 2800
> Atlanta, Georgia  30309-3450

This 13th day of March, 2012.

> /s/ Gregory R. Veal
> Gregory R. Veal
> State Bar No. 726615
> Attorney for US Surety

BOVIS, KYLE & BURCH, LLC
200 Ashford Ctr. N., Ste. 500
Atlanta, Georgia  30338-2668
770/391-9100
fax: 770/668-0878
grv@boviskyle.com

1072189