## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

COMPOSITE CONSTRUCTION              )
SYSTEMS, INC., a Georgia corp.,     )
                                    )
      Plaintiff,                 )
                                    )
v.                                  )          CIVIL ACTION FILE NO.
                                    )
UNITED STATES SURETY CO.,  a        )          1:12-CV-0530-AT
Maryland corp.; FEDERAL INSURANCE   )
COMPANY, an Indiana corp.;          )
TRAVELERS CASUALTY AND SURETY       )
COMPANY OF AMERICA, a Connecticut   )
corp., and BRASFIELD & GORRIE, LLC, )
a Delaware corp.,                   )
                                    )
      Defendants,                )
                                    )
and                                 )
                                    )
FEDERAL INSURANCE COMPANY, an       )
Indiana corp.; and TRAVELERS        )
CASUALTY AND SURETY COMPANY         )
OF AMERICA, a Connecticut corp.,    )
                                    )
      Third-Party Plaintiffs,    )
                                    )
v.                                  )
                                    )
INTERNATIONAL FIDELITY              )
INSURANCE COMPANY, a                )
New Jersey corp.,                   )
                                    )
      Third-Party Defendant.     )

<u>**UNITED STATES SURETY'S ANSWER TO CROSSCLAIM<br>BY FEDERAL AND TRAVELERS**</u>

United States Surety Company ("US Surety") hereby answers the Cross-Claim filed by Federal Insurance Company and Travelers Casualty and Surety Company of America (collectively "Co-Sureties") in this action and shows the Court the following:

<u>**FIRST DEFENSE**</u>

US Surety responds to the numbered allegations of the Crossclaim, respectively, as follows:

1.

On information and belief, US Surety admits the allegations contained in Paragraph 1.

2.

On information and belief, US Surety admits the allegations contained in Paragraph 2.

3.

US Surety admits the allegations contained in Paragraph 3.

4.

US Surety admits the allegations contained in Paragraph 4.

5.

US Surety admits the allegations contained in Paragraph 5.

6.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.

US Surety admits the allegations contained in Paragraph 7.

8.

US Surety admits the allegations contained in Paragraph 8.

9.

US Surety admits the allegations contained in Paragraph 9.

10.

US Surety admits the allegations contained in Paragraph 10.

11.

US Surety admits that Riverside breached its subcontract, was formally terminated by Brasfield, and did not pay the amounts apparently owing to the Plaintiff.  Due to Brasfield's pending claim for delay damages, which may have been the responsibility of the Plaintiff, US Surety is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12.

US Surety admits the allegations contained in Paragraph 12.

13.

US Surety admits that, before first raising its pending delay claim, Brasfield demanded that US Surety satisfy all valid claims of the Plaintiff and states that US Surety made a payment to the Plaintiff in the amount of $50,000.  US Surety is without knowledge or information sufficient to form a belief as to any remaining amount that may be due to the Plaintiff.   US Surety denies the remaining allegations contained in Paragraph 13.

**COUNT ONE**

14.

US Surety incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 13 as though restated in full.

15.

US Surety admits the allegations contained in Paragraph 15.

16.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

## SECOND DEFENSE

The Co-Sureties' Crossclaim is barred, in whole or in part, by payment.

## THIRD DEFENSE

As the Co-Sureties' Crossclaim is based on potential exposure to the Plaintiff's claims, US Surety hereby incorporates in this Answer all defenses raised in its Answer to the Complaint in this action.

## FOURTH DEFENSE

To the extent that Crossclaim Plaintiff Brasfield is entitled to recover for any amounts claimed by the Plaintiff, the Co-Sureties are not the real parties in interest and lack standing to assert the Crossclaim.

**WHEREFORE,** US Surety prays that the Co-Sureties' claims for relief be denied, the Crossclaim be dismissed as to or judgment entered for US Surety, and the Court grant US Surety such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED,

*/s/ Gregory R. Veal*
Gregory R. Veal
State Bar No. 726615
Attorney for US Surety

BOVIS, KYLE & BURCH, LLC
200 Ashford Ctr. N., Ste. 500
Atlanta, Georgia  30338-2668
770/391-9100
fax: 770/668-0878
grv@boviskyle.com

## CERTIFICATE OF SERVICE

I certify that, on this date, I have served the foregoing US Surety's Answer to Crossclaim by Federal and Travelers on counsel for all parties who have appeared through the CM/ECF system, which will send a copy electronically to

John M. Mastin, Jr., Esq.
jmmastin@smithcurrie.com

Robert L. Crewdson, Esq.
robert.crewdson@dlapiper.com

and on the third-party defendant through its counsel, in a properly addressed envelope with adequate postage, directed as follows:

Keith Lichtman, Esq.
1355 Peachtree Street, NE
Ste. 1550
Atlanta, GA 30309

This 6th day of April, 2012.

/s/ Gregory R. Veal
Gregory R. Veal
State Bar No. 726615
Attorney for US Surety

BOVIS, KYLE & BURCH, LLC
200 Ashford Ctr. N., Ste. 500
Atlanta, Georgia  30338-2668
770/391-9100
fax: 770/668-0878
grv@boviskyle.com

1082896