**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **COMPOSITE CONSTRUCTION SYSTEMS, INC., a Georgia corp.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| **UNITED STATES SURETY CO., a Maryland corp.; FEDERAL INSURANCE COMPANY, an Indiana corp.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corp., and BRASFIELD & GORRIE, LLC, a Delaware corp.,** | ) | **1:12-CV-0530-AT** |
| **Defendants,** | ) | |
| **and** | ) | |
| **FEDERAL INSURANCE COMPANY, an Indiana corp.; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corp.,** | ) | |
| **Third-Party Plaintiffs,** | ) | |
| **v.** | ) | |
| **INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corp.,** | ) | |
| **Third-Party Defendant.** | ) | |

**UNITED STATES SURETY'S ANSWER TO CROSSCLAIM BY BRASFIELD & GORRIE**

United States Surety Company ("US Surety") hereby answers the Cross-Claim filed by Brasfield & Gorrie, LLC ("Brasfield") in this action and shows the Court the following:

**FIRST DEFENSE**

US Surety responds to the numbered allegations of the Crossclaim, respectively, as follows:

1.

On information and belief, US Surety admits the allegations contained in Paragraph 1.

2.

US Surety admits the allegations contained in Paragraph 2.

3.

US Surety admits the allegations contained in Paragraph 3.

4.

US Surety admits the allegations contained in Paragraph 4.

5.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.

US Surety admits the allegations contained in Paragraph 6.

7.

US Surety admits the allegations contained in Paragraph 7.

8.

US Surety admits the allegations contained in Paragraph 8.

9.

US Surety admits the allegations contained in Paragraph 9.

10.

US Surety admits the allegations contained in Paragraph 10.

11.

US Surety admits the allegations contained in Paragraph 11.

12.

US Surety admits the allegations contained in Paragraph 12.

13.

US Surety admits that Riverside breached its subcontract, was formally terminated by Brasfield, and did not pay the amounts apparently owing to the Plaintiff. Due to Brasfield's pending claim for delay damages, which may have been the responsibility of the Plaintiff, US Surety is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.

US Surety admits the allegations contained in Paragraph 15.

16.

US Surety admits that, before first raising its pending delay claim, Brasfield demanded that US Surety satisfy all valid claims of the Plaintiff and states that US Surety made a payment to the Plaintiff in the amount of $50,000. US Surety is without knowledge or information sufficient to form a belief as to any remaining amount that may be due to the Plaintiff. US Surety denies the remaining allegations contained in Paragraph 16.

**COUNT ONE**

17.

US Surety incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 16 of the Crossclaim as though restated in full.

18.

US Surety admits the allegations contained in Paragraph 18.

19.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.

US Surety states that Paragraph 20 consists of legal conclusions not calling for a response from US Surety. If Paragraph 20 be deemed to contain any factual allegations, US Surety denies same and demands strict proof thereof.

21.

US Surety admits that Riverside breached its subcontract with Brasfield by failing to perform all of its work and by failing to pay all of its sub-subcontractors and vendors. US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegation that Riverside failed to perform its work in a timely manner. US Surety denies the remaining allegations contained in Paragraph 21.

22.

US Surety admits that, before first raising its pending delay claim, Brasfield demanded that US Surety satisfy all valid claims of the Plaintiff and states that US Surety made a payment to the Plaintiff in the amount of $50,000. US Surety is without knowledge or information sufficient to form a belief as to any remaining amount that may be due to the Plaintiff. US Surety denies the remaining allegations contained in Paragraph 22.

23.

US Surety denies the allegations contained in Paragraph 23.

24.

US Surety states that Paragraph 24 consists of legal conclusions not calling for a response from US Surety. If Paragraph 24 be deemed to contain any factual allegations, US Surety denies same and demands strict proof thereof.

25.

US Surety denies the allegations contained in Paragraph 25.

**COUNT TWO**

26.

US Surety incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 25 of the Crossclaim as though restated in full.

27.

US Surety admits the allegations contained in Paragraph 27.

28.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.

US Surety is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

**SECOND DEFENSE**

Brasfield's Crossclaim is barred, in whole or in part, by payment.

**THIRD DEFENSE**

As Brasfield's Crossclaim is based on potential exposure to the Plaintiff's claims, US Surety hereby incorporates in this Answer all defenses raised in its Answer to the Complaint in this action.

**FOURTH DEFENSE**

To the extent that the Defendant Co-Sureties (Federal and Travelers) are entitled to recover for any amounts claimed by the Plaintiff, Brasfield is not the real party in interest and lacks standing to assert the Crossclaim.

**WHEREFORE,** US Surety prays that Brasfield's claims for relief be denied, the Crossclaim be dismissed as to or judgment entered for US Surety, and the Court grant US Surety such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED,

*/s/ Gregory R. Veal*

Gregory R. Veal
State Bar No. 726615
Attorney for US Surety

BOVIS, KYLE & BURCH, LLC
200 Ashford Ctr. N., Ste. 500
Atlanta, Georgia 30338-2668
770/391-9100
fax: 770/668-0878
grv@boviskyle.com

**CERTIFICATE OF SERVICE**

I certify that, on this date, I have served the foregoing US Surety's Answer to Crossclaim by Brasfield & Gorrie on counsel for all parties who have appeared through the CM/ECF system, which will send a copy electronically to

John M. Mastin, Jr., Esq.
jmmastin@smithcurrie.com

Robert L. Crewdson, Esq.
robert.crewdson@dlapiper.com

and on the third-party defendant through its counsel, in a properly addressed envelope with adequate postage, directed as follows:

Keith Lichtman, Esq.
1355 Peachtree Street, NE, Ste. 1550
Atlanta, GA 30309

This 6th day of April, 2012.

*<u>/s/ Gregory R. Veal</u>*
Gregory R. Veal
State Bar No. 726615
Attorney for US Surety

BOVIS, KYLE & BURCH, LLC
200 Ashford Ctr. N., Ste. 500
Atlanta, Georgia 30338-2668
770/391-9100
fax: 770/668-0878
grv@boviskyle.com

1082896