# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Composite Construction Systems, Inc.,** a Georgia corporation, | : : : |
| Plaintiff, | : : : |
| v. | : : Civil Action File No. : 1:12-CV-0530-AT |
| **United States Surety Company,** a Maryland corporation; **Federal Insurance Company,** an Indiana corporation; **Travelers Casualty and Surety Company of America,** a Connecticut corporation, and **Brasfield & Gorrie, LLC,** a Delaware corporation, | : : : : : : : : |
| Defendants, | : : |
| and | : : |
| **Federal Insurance Company,** an Indiana corporation; and **Travelers Casualty and Surety Company of America,** a Connecticut corporation, | : : : : : |
| Third-Party Plaintiffs, | : : |
| v. | : : |
| **International Fidelity Insurance Company,** a New Jersey corporation, | : : : |
| Third-Party Defendant. | : : |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

    (a) **Describe briefly the nature of this action.**

    Plaintiff Composite Construction Systems, Inc. (Composite) filed a complaint against United States Surety Company (USSC), Federal Insurance Company (Federal), and Travelers Casualty and Surety Company of America (Travelers) on their respective payment bonds. Composite seeks recovery of $277,541.77 as damages for unpaid labor, materials, supplies, or equipment furnished by Composite on the University of Georgia's Special Collections Library construction project (Project). Federal and Travelers answered and filed cross-claims against USSC. Federal and Travelers also filed a third-party complaint against International Fidelity Insurance Company (IFIC). Brasfield & Gorrie, LLC (Brasfield) intervened, answered, and filed a cross-claim against USSC. IFIC filed its answer to the third-party complaint, and Brasfield filed a crossclaim against IFIC. Liability has been denied by all Defendants and the Third-Party Defendant on all claims to date.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Brasfield entered into a contract with the Georgia State Financing & Investment Commission to perform work on the Project as the general contractor. Federal and Travelers, as co-sureties with 50/50 liability, issued a performance bond and a payment bond for the Project, which are subject to Georgia's Little Miller Act. Brasfield issued a purchase order to Riverside Steel, LLC (Riverside) for structural and miscellaneous steel for the Project. IFIC issued performance and payment bonds for this purchase order. Brasfield also entered into a separate subcontract agreement with Riverside for the installation of structural and miscellaneous steel on the Project. USSC, as surety, issued performance and payment bonds for this subcontract.

Riverside and Composite entered into a sub-subcontract agreement for Composite to perform work on the project, including the installation of structural steel. Brasfield and Composite have alleged that both Composite's work and the Project were substantially completed. Composite alleges that Riverside failed to pay Composite for the labor, materials, supplies, or equipment Composite provided for the Project although USSC made an additional payment to Composite. Composite is seeking additional payment from the applicable payment bonds

issued by USSC, Federal, and Travelers. Again, liability on all claims has been denied to date.

**(c)    The legal issues to be tried are as follows:**

(1)    Whether USSC is liable under its payment bond to Composite, and, if so, the amount payable.

(2)    Whether USSC violated O.C.G.A. § 10-7-30, entitling Composite to recover from USSC attorneys' fees and the statutory penalty in addition to the principal amount of the claim and interest.

(3)    Whether Federal is liable under its payment bond to Composite, and, if so, the amount payable.

(4)    Whether Travelers is liable under its payment bond to Composite, and, if so, the amount payable.

(5)    Whether Composite is entitled to recover its attorneys' fees, costs, and litigation expenses incurred in its actions on the payment bonds issued by USSC, Federal, and Travelers.

(6)    Whether any Affirmative Defense raised by any party is valid, and, if so, what is the effect of such Affirmative Defense on the claims of the party against which the Affirmative Defense was asserted.

(7)     The amount of damages to be awarded to any party that is entitled to recover damages.

(8)     The amounts owed on each of the crossclaims and any counterclaims.

(d)     **The cases listed below (include both style and action number) are:**

  **(1)     Pending Related Cases:**

None.

  **(2)     Previously Adjudicated Related Cases:**

None.

2.  **This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_ (1)     Unusually large number of parties
    \_\_\_\_\_ (2)     Unusually large number of claims or defenses
    \_\_\_\_\_ (3)     Factual issues are exceptionally complex
    \_\_\_\_\_ (4)     Greater than normal volume of evidence
    \_\_√\_\_ (5)     Extended discovery period is needed
    \_\_\_\_\_ (6)     Problems locating or preserving evidence
    \_\_\_\_\_ (7)     Pending parallel investigations or action by government
    \_\_\_\_\_ (8)     Multiple use of experts
    \_\_\_\_\_ (9)     Need for discovery outside United States boundaries
    \_\_\_\_\_ (10)    Existence of highly technical issues and proof
    \_\_\_\_\_ (11)    Unusually complex discovery of electronically stored information

3.  **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

John M. Mastin, Jr.                                         Composite Construction Systems,

| | |
|---|---|
| Smith, Currie & Hancock LLP | Inc. |
| Gregory R. Veal<br>Bovis Kyle & Burch, LLC | United States Surety Company |
| Robert L. Crewdson<br>DLA Piper US LLP – Atl | Federal Insurance Company |
| Robert L. Crewdson<br>DLA Piper US LLP – Atl | Travelers Casualty and Surety Company of America |
| Robert L. Crewdson<br>DLA Piper US LLP – Atl | Brasfield & Gorrie, LLC |
| P. Keith Lichtman<br>Mills Paskert Divers P.C. | International Fidelity Insurance Company |

**4.      Jurisdiction**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_ Yes        √\_\_\_\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.      Parties to This Action:**

**(a)**      The following persons are necessary parties who have not been joined:

None.

**(b)**      The following persons are improperly joined as parties:

None.

**(c)**   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

**(d)**   The parties shall have the continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contention regarding misjoinder of parties or errors in the statement of a party's name.

**6.   Amendments to the Pleadings**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)**   List separately any amendments to the pleadings that the parties anticipate will be necessary:

The parties do not anticipate any amended or supplemental pleadings at this time, except that USSC intends to amend its Answer to assert a counterclaim against Composite to the extent that Brasfield's crossclaim against USSC that is attributable to Composite exceeds the amount of Composite's claim against USSC.

**(b)**   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.   Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

No objections at this time. However, all parties request that the deadline for the submission of initial disclosures be changed from April 12, 2012 to April 20, 2012 to accommodate International Fidelity Insurance Company, who was brought into the present action as a third-party defendant on March 27, 2012.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

None at this time.

10.  **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Discovery by the parties will include, among other things, discovery as to: (a) communications or documents regarding steel fabrication and/or installation on the Project and costs incurred, and payments previously made, relating to same; (b) the Project schedule and alleged Project delays; (c) Riverside's alleged breaches of contract and alleged defaults under its various purchase orders and subcontracts related to the Project; (d) Project completion costs; (e) communications between the subcontractors, Brasfield and the sureties; (f) alleged delay damages and completion costs incurred by Brasfield as a result of Riverside's alleged breaches of its various subcontracts and purchase orders related to the Project; (g) alleged delay damages and completion costs incurred by Brasfield as a result of Composite's work on the Project; (h) the alleged correction

of Riverside's and/or Composite's work and other items of damages sought by Brasfield; (i) communications or documents concerning the various bonds related to the Project and to the fabrication/delivery and erection of steel at the Project; (j) the claims made on USSC, IFIC, Federal, and Travelers; bonds at issue, and any defenses to payment regarding those claims.

As discovery progresses, the parties reserve the right to amend the scope of these discovery subjects, subject to the permission of the Court.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Due to ongoing settlement discussions, all parties to this lawsuit request a five-month discovery track according to the following schedule:

(a) May 1, 2012 to May 31, 2012, which would constitute a thirty-day "informal" discovery period in which all parties will cooperate to exchange relevant documents with the express goal of revisiting and advancing settlement discussions at the end of the thirty-day period; and

(b) June 1, 2012 to September 30, 2102, which would constitute a four-month period in which the parties would conduct formal discovery of the issues of the present lawsuit.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

All parties have agreed to a reasonable and nominal increase in the duration of depositions in the event that the deposition cannot be completed in seven hours. The parties have expressly agreed to limit each deposition to one day. All parties have agreed that even though the parties reserve the right to implement changes or limitations as discovery progresses, no other changes or limitations are needed at this time.

**(b) Is any party seeking discovery of electronically stored information?**

√ Yes             ___No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g. accessibility, search terms, date limitations, or key witnesses) as follows:

The parties anticipate creating an agreement regarding the sources and scope of the production of electronic discovery as well as limitations regarding the scope of production. Furthermore, the parties intend to utilize the "informal" discovery period that is described in Item No. 10 for the purpose of narrowing search terms, date limitations, or key witnesses.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g. paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties anticipate creating an agreement regarding the production of electronic discovery. Furthermore, the parties have agreed to a native method of production during the "informal" discovery period that is described in Item No. 10. If IFIC does not have documents in native form, then IFIC will produce its non-privileged file.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

(a) Rule 26(c)

The parties request that the deadline for the submission of Initial Disclosures be changed from April 12, 2012 to April 20, 2012 to accommodate International Fidelity Insurance Company, who was brought into the present action as a third-party defendant on March 27, 2012.

**13. Settlement Potential:**

**(a)** Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 5, 2012 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):   /s/ John M. Mastin, Jr., Esq.
                                           John M. Mastin, Jr.

For Defendant United States Surety Company:
   Lead counsel (signature):       /s/ Gregory R. Veal, Esq.
                                           Gregory R. Veal

For Defendants Brasfield & Gorrie, LLC,
Federal Insurance Company, and Travelers
Casualty and Surety Company of America:
   Lead counsel (signature):       /s/ Robert L. Crewdson, Esq.
                                           Robert L. Crewdson

For Third-Party Defendant International
Fidelity Insurance Company:
   Lead counsel (signature):       /s/ Keith Lichtman, Esq.
                                           Keith Lichtman


Other participants: Richard Storrs, Esq.
                  Lochlin B. Samples, Esq.
                  Franklin Trapp, Esq.

**(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.
(__√__) A possibility of settlement after "informal" discovery (as described in Item No. 10) as well as a possibility of settlement after the four month discovery period, if necessary.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

**(c)  Counsel (__√__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

The proposed date of the next settlement conference will occur on or about June 1, 2012.

EAST\48325360. 1                                13

**(d)    The following specific problems have created a hindrance to settlement of this case.**

Parties agree for the need to conduct "informal" discovery (as described in Item No. 10) before settlement of this case may occur. Parties believe that the "informal" discovery period will greatly advance the possibility of settlement of this case.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 20___.**

**(b)    The parties (__√__) do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted this 12th day of April, 2012.

- Signatures on Following Page -

/s/ Robert L. Crewdson
**ROBERT L. CREWDSON**
DLA Piper US LLP
Georgia Bar No. 196220
One Atlantic Center
1201 West Peachtree Street,
Suite 2800
Atlanta, Georgia 30309-3450
(404) 736-7800 phone
(404) 682-7827 fax

*Attorneys for Defendants Brasfield & Gorrie, LLC, Federal Insurance Company, and Travelers Casualty and Surety Company of America*

/s/ Gregory R. Veal
**GREGORY R. VEAL**
Bovis, Kyle & Burch, LLC
Georgia Bar No. 726615
200 Ashford Ctr. N, Ste. 500
Atlanta, Georgia 30338-2668
(770) 391-9100 phone
(770) 668-0878 fax

*Attorney for Defendant United States Surety Company*

/s/ John M. Mastin, Jr.
**JOHN M. MASTIN, JR.**
Smith Currie and Hancock LLP
Georgia Bar No. 300123
2700 Marquis One Tower
245 Peachtree Center Avenue NE
Atlanta, Georgia 30303
(404) 582-8057 phone
(404) 688-0671 fax

*Attorneys for Plaintiff Composite Construction Systems, Inc.*

/s/ Keith Lichtman
**KEITH LICHTMAN**
Mills Paskert Divers P.C.
Georgia Bar No. 521321
1355 Peachtree St., NE.
Suite 1550
Atlanta, Georgia 30309
(404) 870-8200 phone
(404) 870-3080 fax

*Attorney for Third-Party Defendant International Fidelity Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

John M. Mastin, Jr., Esq.
jmmastin@smithcurrie.com

Robert L. Crewdson, Esq.
robert.crewdson@dlapiper.com

Gregory R. Veal, Esq.
grv@boviskyle.com

Keith Lichtman, Esq.
klichtman@mpdlegal.com

Respectfully submitted this 12th day of April 2012.

/s/